ERIK A. OLSON [8479]
EOLSON@OLSONTRIAL.COM
JASON R. HULL [11202]
JHULL@OLSONTRIAL.COM
**MARSHALL OLSON & HULL**
NEWHOUSE BUILDING
TEN EXCHANGE PLACE, SUITE 350
SALT LAKE CITY, UTAH 84111
TELEPHONE: 801.456.7655
FAX: 801.456.7656

ATTORNEYS FOR ALARM PROTECTION, LLC, ALARM PROTECTION TEXAS, LLC, ALARM PROTECTION UTAH, LLC, ALARM PROTECTION ALABAMA, LLC, ALARM PROTECTION ALASKA, LLC, ALARM PROTECTION ARKANSAS, LLC, ALARM PROTECTION CALIFORNIA, LLC, ALARM PROTECTION FLORIDA, LLC, ALARM PROTECTION KENTUCKY, LLC, ALARM PROTECTION MISSISSIPPI, LLC, AND ALARM PROTECTION TENNESSEE, LLC

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| VIVINT, INC., a Utah corporation,<br><br>Plaintiffs,<br><br>v.<br><br>ALARM PROTECTION, LLC, a Utah limited liability company; ALARM PROTECTION ALABAMA, LLC, a Utah limited liability company; ALARM PROTECTION ALASKA, LLC, a Utah limited liability company; ALARM PROTECTION ARKANSAS, LLC, a Utah limited liability company; ALARM PROTECTION CALIFORNIA, LLC, a Utah limited liability company; ALARM PTOTECTION FLORIDA, LLC, a Utah limited liability company; ALARM PROTECTION KENTUCKY, a Utah limited liability company; ALARM PROTECTION MISSISSIPPI, LLC, a Utah limited liability company, ALARM PROTECTION TENNESSEE, LLC, a Utah limited liability company, ALARM PROTECTION TEXAS, LLC, a Utah limited liability company; ALARM PROTECTION | **ALARM PROTECTION'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S THIRD AND SEVENTH CAUSES OF ACTION**<br><br>Case No.   2:14-cv-00441-BCW |

| | |
|---|---|
| UTAH, LLC, a Utah limited liability company; ADAM SCHANZ, an individual, and DOES 1–10,<br><br>Defendants. | |

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and DUCivR 7-1(a), defendants Alarm Protection, LLC, Alarm Protection Texas, LLC, Alarm Protection Utah, LLC, Alarm Protection Alabama, LLC, Alarm Protection Alaska, LLC, Alarm Protection Arkansas, LLC, Alarm Protection California, LLC, Alarm Protection Florida, LLC, Alarm Protection Kentucky, LLC, Alarm Protection Mississippi, LLC, and Alarm Protection Tennessee, LLC (collectively, the "AP Defendants") hereby move to dismiss the Third and Seventh Causes of Action in the Complaint filed by plaintiff Vivint, Inc. ("Vivint" or "plaintiff") and submit the following memorandum of points and authorities in support of their motion.

## RELIEF SOUGHT AND SPECIFIC GROUNDS FOR RELIEF

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the AP Defendants request that the Court enter an order dismissing plaintiff's Third Cause of Action (Deceptive Trade Practices Under Utah Code Ann. § 13-11a-1 *et seq.*) and Seventh Cause of Action (Civil Conspiracy). The Third Cause of Action should be dismissed because it attempts to apply the Utah Deceptive Trade Practices Act to alleged conduct that allegedly occurred entirely outside of Utah that does not satisfy the definition of advertising under the Act. The Act only applies to advertising that occurs in Utah and is therefore inapplicable to activity outside of Utah and is inapplicable to the non-advertising alleged in the Complaint. The Seventh Cause of Action should be dismissed because it does not allege a combination of two or more persons—the only individual defendant is Adam Schanz ("Schanz") and it alleges a conspiracy only between

Schanz and the AP Defendants, companies that Schanz allegedly owns and controls. There can be no civil conspiracy in such circumstances and that claim should be dismissed.

**STATEMENT OF FACTS**

1. On May 20, 2014, Vivint filed its Complaint in the Fourth District Court for Utah County, State of Utah. This Complaint was later removed to this Court pursuant to 18 U.S.C. § 1441(a). *See* Notice of Removal (June 13, 2014) (Dkt. 1).

2. As the "Third Cause of Action," the Complaint includes a claim for "Deceptive Trade Practices Under Utah Code Ann. § 13-11a-1 *et seq*." *See* Complaint, ¶¶ 235–39. This claim is based on alleged "statements and misrepresentations set forth [in the Complaint] and made by the AP Defendants [that] constitute deceptive sales practices and/or false advertising." *Id*., ¶ 236. However, the only "statements and misrepresentations set forth [in the Complaint]" are alleged to have occurred at the following places, all of which are outside of Utah:

- Selma, Alabama (Complaint, ¶¶ 37–39), Bessemer, Alabama (Complaint, ¶¶ 40–42, 43–45, 135, 137, 140)
- Birmingham, Alabama (Complaint, ¶ 46–57, 63–65, 110–13, 131)
- Anniston, Alabama (Complaint, ¶¶ 58–62)
- Tuscaloosa, Alabama (Complaint, ¶¶ 70–73)
- Montgomery, Alabama (Complaint, ¶¶ 78–97, 114–21, 130, 132–34, 139)
- Tallassee, Alabama (Complaint, ¶¶ 98–101)
- Talladega, Alabama (Complaint, ¶¶ 102–05)
- Canton, Mississippi (Complaint, ¶¶ 106–09)
- Memphis, Tennessee (Complaint, ¶¶ 122–25)
- "Alabama" (Complaint, ¶¶ 126–28)

- Tuskegee, Alabama (Complaint, ¶¶ 129, 138)

- Lakeview, Alabama (Complaint, ¶ 136)

- Anchorage, Alaska (Complaint, ¶¶ 141–44, 149–61)

- Wasilla, Alaska (Complaint, ¶¶ 145–48)

- Bradenton, Florida (Complaint, ¶¶ 162–65)

- Homestead, Florida (Complaint, ¶¶ 166–69)

- Radcliffe, Kentucky (Complaint, ¶¶ 170–73)

Moreover, each of plaintiff's allegations involved in-person solicitations by sales persons allegedly acting on behalf of the AP Defendants. *See* Complaint, ¶¶ 37-173.

3. As the "Seventh Cause of Action," the Complaint includes a claim for "Civil Conspiracy." Complaint, ¶¶ 259–61. In this cause of action, plaintiff alleges that "Defendants"—which includes only the AP Defendants and defendant Schanz—entered into a civil conspiracy to conduct "unfair competition, misappropriation of trade secrets, interference with contractual and economic relations, deceptive advertising, breach of contract, and defamation or false light." Complaint, ¶ 260(b). However, Schanz is the only individually named defendant and plaintiff alleges that Schanz is the "owner and/or principal of the AP Defendants." Complaint, ¶ 5. Indeed, plaintiff alleges that each of the AP Defendants "are entities under the common control of Defendant Adam Schanz and are utilized to operate the business of Defendant Alarm Protection, LLC through various states." Complaint, ¶ 3.

# ARGUMENT

I.  **PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF UNDER THE UTAH TRUTH IN ADVERTISING ACT.**

Plaintiff's Third Cause of Action should be dismissed because plaintiff has failed to state a claim for relief under the Utah Truth in Advertising Act[1] (Utah Code § 13-11a-1 *et seq.*). Plaintiff does not allege any activity that occurred in Utah that would satisfy a claim under this statute and the statute expressly limits itself to activity in Utah. Plaintiff also does not allege facts demonstrating that advertising has occurred. Plaintiff's claim should be dismissed.

A.  **Plaintiff's Truth in Advertising Claim Fails Because No Activity Is Alleged to Have Occurred in Utah.**

Plaintiff's truth in advertising claim fails because plaintiff has not alleged any activity that took place here in Utah. The Utah Truth in Advertising Act is applicable only to activity that occurs in Utah.

The "purpose" section of the Truth in Advertising Act states: "The purpose of this chapter is to prevent deceptive, misleading, and false advertising practice and form <u>in Utah</u>." Utah Code § 13-11a-1 (emphasis supplied). The drafters of the Act, in giving jurisdiction to Utah state courts, expressly limited the jurisdiction to acts that occurred in Utah: "The district courts of this state have jurisdiction over any supplier <u>as to any act or practice in this state</u> governed by this chapter." Utah Code § 13-11a-4(1) (emphasis supplied). Other than these statements in the statute, there is nothing in the case law[2] or in the statute that would indicate that

---

[1] In their Complaint, plaintiffs refer to their claim under this section as a claim for "Deceptive Trade Practices." Because the statute is actually called the "Truth in Advertising" act and the case law interpreting it uses the same reference, the AP Defendants use the "Truth in Advertising" nomenclature herein.

[2] There are cases in this District that involve circumstances where the defendant was operating outside of the State of Utah. However, those cases involved advertising through television and other media that would have reached Utah. *See*, *e.g.*, *Klein-Becker USA, LLC v. Home Shopping Network, Inc.*, 2:05-CV-

- 5 -

this statute should apply to any allegedly "deceptive, misleading, and false advertising practice and form" that occurs outside of Utah, such as in Alabama, Tennessee, Alaska, Florida, or Kentucky.

As indicated above, there are no allegations in the Complaint that suggest that any alleged misrepresentations were made to Vivint customers or others in Utah. Instead, the Complaint alleges activity in Alabama, Tennessee, Alaska, Florida, and Kentucky. By the plain language of the Act, plaintiff cannot bring a claim for these alleged activities outside of Utah. As a result, the Court should dismiss plaintiff's Third Cause of Action.

### B. Plaintiff's Truth in Advertising Claim Fails Because Plaintiffs Have Not Alleged Any "Advertising."

Plaintiff's Third Cause of Action also fails because plaintiff has failed to allege any facts demonstrating that there was any false advertising by defendants that is prohibited by the Utah Truth in Advertising Act. The Act defines "Advertisement" as the following:

> (1) "Advertisement" means any written, oral, or graphic statement or representation made by a supplier in connection with the solicitation of business. It includes, but is not limited to, communication by noncable television systems, radio, printed brochures, newspapers, leaflets, flyers, circulars, billboards, banners, or signs. <u>It does not include any oral, in person, representation made by a sales representative to a prospective purchaser</u>.

Utah Code § 13-11a-2(1). Because all the allegations made by plaintiff are based on oral, in person representations, there was no "advertisement" and plaintiff's claim based on the Truth in Advertising Act must fail.

The Utah Truth in Advertising Act provides that its purpose "is to prevent deceptive, misleading, and false advertising practices and forms" and mandates that it "is to be construed to

---

00200 PGC, 2005 WL 2265007 (D. Utah Aug. 31, 2005). Defendants have been unable to locate any cases where the Utah Truth in Advertising Act was applied to situations involving activity that occurred completely in another state such as the situation here.

accomplish that purpose and not to inhibit any particular form of advertising so long as it is truthful and not otherwise misleading or deceptive." Utah Code Ann. § 13–11a–1. Based on this stated purpose and the requirement that the Court construe the Act to accomplish this purpose, plaintiff cannot establish a claim under the Act because no allegations in the Complaint satisfy the Act's definition of "advertising." All of the allegations relate to "oral, in person representations made by a sales representative to a prospective purchaser" that are, by definition, not advertising. Utah Code Ann. § 13–11a–2(1).

In response, plaintiff will likely respond that the conduct at issue falls within the scope of one of the deceptive trade practices that are specifically enumerated in the Act, such as those listed in the Complaint, that do not specifically reference "advertising" or an "advertisement." *See* Complaint, ¶ 236 (citing Utah Code § 13–11a–3(a), 3(b), 3(c), 3(e), 3(h), and 3(t)). Generally, as a particularized description of the conduct prohibited by the Act, the language in Section 13-11-3 would usually trump the more general language contained in the Act's statement of purpose. However, as explained by this Court, "the specific directive in the statement of purpose to construe the rest of the Act to accomplish the narrow purpose of preventing misleading advertising requires a different result. The statement of purpose effectively imposes an overarching requirement that otherwise actionable conduct constitute advertising." *Proctor & Gamble Co. v. Haugen*, 1789 F.R.D. 622, 635 (D. Utah 1998) (affirmed in part and reversed in part on other grounds, 222 F.3d 1262 (10th Cir. 2002)). In other words, regardless of whether the specific prohibited acts in Section 13-11-3 state that they are applicable to "advertising" or "advertisement," if the definition of advertisement is not met then there is no actionable conduct under the Act. *See id*. at 635 (finding that even though a "press release" might otherwise satisfy

Section 13-11a-3(h), it did not satisfy the definition of "advertisement" of Section 13-11-2(1) and therefore plaintiff failed to state a claim under the Utah Truth in Advertising Act).

As in *Haugen*, plaintiff's truth in advertising claim should be dismissed because none of the allegations in the Complaint would satisfy the definition of "advertisement" under Section 13-11-2(1). All of the allegations assert "oral, in person, representations made by a sales representative to a prospective purchaser," and are expressly carved out from being an advertisement. Utah Code § 13-11-2(1). Based on this, and the fact that the Court is required to enforce the "purpose" section of the Act in its interpretation of the specific activities prohibited, the Court should dismiss plaintiff's Third Cause of Action.

## II. PLAINTIFF FAILS TO STATE A CLAIM FOR RELIEF FOR CIVIL CONSPIRACY.

The Court should dismiss plaintiff's Seventh Cause of Action for Civil Conspiracy because plaintiff has failed to state a cause of action for such relief. Specifically, plaintiff has failed to allege facts showing that there is a combination of two or more persons. Without this necessary element, plaintiff's claim fails.

Under Utah law, civil conspiracy requires proof of, among other things, "a combination of two or more persons." *Pohl, Inc. of Am. v. Webelhuth*, 2008 UT 89, ¶ 29, 201 P.3d 944. "The intracorporate conspiracy doctrine holds that 'acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy.'" *Cox v. Cache Cnty.*, 1:08-CV-124 CW, 2013 WL 4854450 at *3 (D. Utah Sept. 11, 2013) (quoting *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1261 (11th Cir. 2010) (citation omitted) (citing *Zelinger v. Uvalde Rock Asphalt Co.*, 316 F.2d 47, 52 (10th Cir. 1963) (stating that under Colorado law, "a corporation and its employee do not constitute the 'two or more persons' required for a civil conspiracy ."))); *see also Tomlinson v. NCR Corp.*, 2013 UT App 26,

¶ 17, 296 P.3d 760 ("As a general rule, 'it is not possible for a single legal entity consisting of the corporation and its agents to conspire with itself,' because they do not constitute two separate persons.") (quoting *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000)). "Under the doctrine, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." *Grider*, 618 F.3d at 1261. This court has found that the intracorporate conspiracy doctrine is applicable in Utah. *Cox*, 2013 WL 4854450 at *4–*6.

The intracorporate conspiracy doctrine is also applicable in situations such as this one where plaintiff has alleged that a series of affiliated business are the alleged co-conspirators. The Tenth Circuit has held that "defendants with separate legal labels . . . are not always capable of conspiring; they must be separate economic entities in substance as well." *Holter v. Moore & Co.*, 702 F.2d 854, 855 (10th Cir. 1983) (holding that intracorporate conspiracy doctrine may bar conspiracy claims involving various, affiliated entities working together because there is no multiplicity of actors). Instead, the Court must look at the facts to determine if there truly are independent actors.

The intracorporate conspiracy doctrine bars plaintiff's seventh claim for relief. The only individual alleged as one of the co-conspirators—Schanz—is also alleged to own and have control of all of the AP Defendants. Complaint, ¶¶ 3, 5, 260. Indeed, plaintiffs expressly allege that each of the AP Defendants is under the "common control" of Schanz and each "are utilized to operate the business of Defendant Alarm Protection, LLC throughout the various states." *Id*. at ¶ 5. Therefore, plaintiff's conspiracy claim alleges that Schanz somehow entered into an agreement with his own entities to commit a tortious act. This is exactly the situation that the intracorporate conspiracy doctrine disallows as there is no "multiplicity of actors necessary for

the formation of a conspiracy." Based on these circumstances, plaintiff's civil conspiracy claim fails as a matter of law and should be dismissed.

## CONCLUSION

Based on the foregoing, the Court should enter an order dismissing the Third and Seventh Causes of Action in plaintiff's Complaint.

DATED this 20th day of June, 2014.

> **MARSHALL OLSON & HULL, P.C.**
>
> By: /s/ Jason R. Hull
> ERIK A. OLSON
> JASON R. HULL
>
> ATTORNEYS FOR ALARM PROTECTION, LLC, ALARM PROTECTION TEXAS, LLC, ALARM PROTECTION UTAH, LLC, ALARM PROTECTION ALABAMA, LLC, ALARM PROTECTION ALASKA, LLC, ALARM PROTECTION ARKANSAS, LLC, ALARM PROTECTION CALIFORNIA, LLC, ALARM PROTECTION FLORIDA, LLC, ALARM PROTECTION KENTUCKY, LLC, ALARM PROTECTION MISSISSIPPI, LLC, AND ALARM PROTECTION TENNESSEE, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of June, 2014, a true and correct copy of the foregoing **ALARM PROTECTION'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S THIRD AND SEVENTH CAUSES OF ACTION** was served by the method indicated below, to the following:

| | | |
|---|---|---|
| Matthew A. Steward | (X) | Electronic CM/ECF Notification |
| Brian C. Webber | ( ) | U.S. Mail, Postage Prepaid |
| Clyde Snow & Sessions | ( ) | Hand Delivered |
| One Utah Center, 13th Floor | ( ) | Overnight Mail |
| 201 South Main Street | ( ) | Facsimile |
| Salt Lake City, Utah 84111-2216 | | |

/s/ Jason R. Hull