IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VIVINT, INC.,<br><br>         Plaintiff,<br><br>v.<br><br>ALARM PROTECTION, LLC, et al.,<br><br>         Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 2:14-cv-441-CW<br><br>Judge Clark Waddoups |

## INTRODUCTION

Before the court is Alarm Protection's Motion to Dismiss Vivint's third and seventh causes of action. Mot. to Dismiss (Dkt. No. 4).[1] The court heard oral arguments on the motion on January 14, 2015, during which Vivint conceded to the dismissal of its seventh cause of action. Additionally, the court raised *sua sponte* a concern regarding the applicability of the Commerce Clause to Vivint's third cause of action and allowed the parties to submit supplemental briefing on this issue. However, based upon the parties' briefing and the Tenth Circuit's recent decision in *Energy & Environment Legal Institute v. Epel*, 793 F.3d 1169 (10th Cir. 2015), the court now determines the interstate commerce inquiry is inapplicable. Therefore, the court only considers the sufficiency of Vivint's complaint as to its third cause of action. After carefully considering the parties' briefs and oral arguments, the court now GRANTS Alarm Protection's motion.

---

[1] The case was originally filed in the Fourth Judicial District Court, Utah County, State of Utah, but was removed to this court by Alarm Protection pursuant to 28 U.S.C. § 1441(a). Removal was based upon Vivint's fourth cause of action which alleges a violation of the federal Lanham Act, 15 U.S.C. § 1124(a).

**BACKGROUND**

Plaintiff, Vivint, Inc., is a Utah corporation that provides electronic security and home automation products and services to customers throughout the United States, Canada, and New Zealand. Complaint, at 4 (Dkt. No. 2-1). Defendants are numerous Utah limited liability companies under the control of Adam Schanz, Mr. Schanz personally, and Does 1-10 (collectively "Alarm Protection"). Alarm Protection is in the business of selling and installing electronic security services and equipment throughout the United States and is a direct competitor of Vivint. *Id*. Much of Vivint's and Alarm Protection's sales are generated through the efforts of door-to-door sales representatives. *Id.* at 6.

Vivint's third cause of action alleges Alarm Protection violated Utah's Truth in Advertising Act, Utah Code Ann. § 13-11a-1 *et seq.*, (the "Act") by utilizing "false and deceptive sales practices in order to cause Vivint's customers to switch to Alarm Protection under false pretenses." *Id.* at 9. The alleged conduct consists of Alarm Protection sales representatives approaching known Vivint customers and making statements such as "Vivint [is] going out of business," "Vivint went bankrupt or had filed for bankruptcy," "Vivint is a scam and/or a fraud," and other similar statements, all of which Vivint claims are misrepresentations designed to mislead Vivint customers. *Id.*

Vivint alleges at least 43 incidents wherein Alarm Protection sales representatives made false representations to Vivint customers. According to the complaint, each of these alleged misrepresentations occurred in the customers' homes, which were located in Alabama, Mississippi, Tennessee, Alaska, Florida, and Kentucky. Importantly, Vivint does not allege any of the misrepresentations were made to customers in Utah.

## ANALYSIS

### I. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The court must "accept all well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Albers v. Bd. of Cty. Comm'rs of Jefferson Cty., Colo.*, 771 F.3d 697, 700 (10th Cir. 2014).

### II. Truth in Advertising Act

Alarm Protection filed this motion to dismiss under Rule 12(b)(6), arguing Vivint has failed to state a claim for relief under the Act because it does not allege any of the misrepresentations occurred within Utah and, therefore, the Act does not apply to Alarm Protection's alleged wrongful conduct. Mot. to Dismiss, at 5 (Dkt. No. 4). In response, Vivint argues the Act applies because the plain language of section 13-11a-4(1) creates a cause of action in Utah for any deceptive trade practice, regardless of location. Opp'n Mem., at 4 (Dkt. No. 6). Alternatively, Vivint contends the Act applies because Alarm Protection is a Utah company and it trains its sales representatives in Utah to engage in deceptive trade practices. *Id*. at 5.

The primary issue in this motion concerns the geographical limitations of the Act and is a matter of statutory interpretation. When interpreting a state statute, a federal court must apply "state rules of statutory construction." *Ward v. Utah*, 398 F.3d 1239, 1248 (10th Cir. 2005). In

Utah, the primary goal of statutory construction "is to evince the true intent and purpose of the Legislature" and "[t]he best available evidence of the Legislature's intent is the statute's plain language." *Heaps v. Nuriche, LLC*, 345 P.3d 655, 659 (Utah 2015). The court must "presume that the Legislature used each word advisedly and give effect to each term according to its ordinary and accepted meaning." *LeBeau v. State*, 337 P.3d 254, 260 (Utah 2014) (alterations omitted).

Turning to the language of the Act, Vivint points to section 13-11a-4(1), which reads, "The district courts of this state have jurisdiction over any supplier as to any act or practice in this state governed by this chapter or as to any claim arising from a deceptive trade practice as defined in this chapter." Utah Code Ann. § 13-11a-4(1). Vivint argues the language of this section creates a cause of action under the Act whenever "a deceptive trade practice is committed, regardless of location." Opp'n Mem., at 4 (Dkt. No. 6). However, section 13-11a-4(1) only addresses the jurisdictional reach of the Utah courts. The first clause grants Utah courts personal jurisdiction over any *supplier* who violates the Act "in this state" regardless of the supplier's citizenship. The second clause grants subject-matter jurisdiction to Utah courts for *claims* arising from a violation of the Act. Contrary to Vivint's argument, section 13-11a-4(1) is silent as to the geographical scope of the Act and therefore does not answer the question before the court. From reading the Act as a whole, it is evident the language Vivint relies upon is not intended to define deceptive trade practices, which are defined in detail in other provisions of the Act, or to express the intent of the legislature to regulate conduct within the jurisdiction of other states or the federal government. It is a generalized statement that the Utah courts have jurisdiction to enforce the provisions of the Act.

Indeed, when viewed in its entirety, the only language in the Act relevant to the court's

analysis here is found in the Act's statement of purpose in section 13-11a-1. Although a statement of purpose is generally "not a substantive part of the statute," it may be referred to in order to clarify ambiguities. *Price Dev. Co., L.P. v. Orem City*, 995 P.2d 1237, 1246 (Utah 2000); s*ee also Dorsey v. Dep't. of Workforce Servs.*, 330 P.3d 91, 96 (Utah 2014) (recognizing that a purpose statement might inform the court's "resolution of ambiguities in statutory text," but that it "cannot override the clear terms of the law"). The statement of purpose serves that very function in this case. The language Vivint relies upon is at best ambiguous as to the intended geographical reach of the Act. Section 13-11a-1 clarifies that the purpose was only to regulate conduct in Utah. It states, "The purpose of this chapter is to prevent deceptive, misleading, and false advertising practices and forms *in Utah*. This chapter is to be construed *to accomplish that purpose* and not to prohibit any particular form of advertising so long as it is truthful and not otherwise misleading or deceptive." Utah Code Ann. § 13-11a-1 (emphasis added). The court finds the phrase "in Utah" clearly illustrates the Legislature's intent for the Act to be construed to apply to advertisements that originate in Utah and target consumers in Utah, and to advertisements that originate outside of Utah, but that target consumers in Utah.[2]

Furthermore, limiting the geographical scope of the Act to only reach wrongful conduct that occurs in Utah is consistent with the "deeply rooted and longstanding canon of construction" which states that Utah "statutes are presumed not to have extraterritorial effect." *Nevares v. M.L.S.*, 345 P.3d 719, 727 (Utah 2015). "This presumption is a gap-filler, operating under a clear statement rule [which] provides that unless a statute gives a clear indication of an extraterritorial

---

[2] The court need not decide whether the Act applies to advertisements that originate in Utah, but are only disseminated to consumers outside of Utah (*e.g.* a commercial that is broadcast from within Utah, but that is only shown to consumers in Alabama) as such issue is not before the court. Vivint's claim that Alarm Protection trained its employees in Utah to make false statements to consumers in other states is distinguishable from this issue because Alarm Protection's training of its employees is not covered by the Act. Training alone is not a deceptive trade practice as defined by the Act.

application, it has none." *Id* (internal quotation marks omitted). There is no language in the Act which provides any indication, let alone a clear indication, of the Legislature's intent to apply it extraterritorially. The presumption, therefore, mandates that the court reject Vivint's interpretation and hold that the Act only applies when the alleged wrongful conduct occurs in Utah as stated above.[3]

Alternatively, Vivint argues the Act applies because Alarm Protection is a Utah company that trains its sales representatives in Utah to engage in deceptive trade practices. Opp'n Mem., at 5 (Dkt. No. 6). This argument also fails. Vivint's complaint does not allege Alarm Protection performed any such training in Utah. At the motion to dismiss stage, the court's analysis is "limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint." *Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1189 (10th Cir. 2012). Although Vivint points to language in its complaint which alleges that Adam Schanz, a Utah resident and the owner of Alarm Protection, directed the wrongful actions and that Alarm Protection encourages and trains its sales representatives in such practices, Opp'n Mem., at 5 (Dkt. No. 6), nowhere in the complaint does Vivint allege these actions occurred in Utah. It is only in response to this motion that Vivint raises such an allegation. Moreover, even if Vivint's complaint had alleged such conduct occurred in Utah, nothing in the Act is directed at encouraging and training, but rather at deceptive conduct. Therefore, Vivint has not alleged any wrongful conduct that is covered under the Act occurred within Utah. As such, Vivint has failed to state a claim under the Act.[4]

---

[3] This holding is consistent with the geographical limitations that have been placed upon similar false advertising statutes in other states. *See e.g. Goshen v. Mutual Life Ins. Co. of N.Y.*, 774 N.E.2d 1190, 1195 (N.Y. 2012) (holding New York law governing deceptive practices and false advertising only applies when "the transaction in which the consumer is deceived" occurs in New York).

[4] Vivint also argues Alarm Protection's transactions with customers are "predominately Utah transactions."

## Conclusion

For the reasons stated above, the Court GRANTS Alarm Protection's motion to dismiss Vivint's third and seventh causes of action.

SO ORDERED this 12th day of January, 2016.

BY THE COURT:

_[signature]_

Clark Waddoups
United States District Court Judge

---

Supp. Opp'n Mem., at 5 (Dkt. No. 13). However, Vivint first presented this argument in its supplemental briefing in response to the court's Commerce Clause inquiry. Therefore these allegations are outside of the complaint. Moreover, Vivint has not alleged how any of Alarm Protection's "predominately Utah transactions" involve conduct that is covered by the Act.