Matthew A. Steward (#7637)
mas@clydesnow.com
Timothy R. Pack (#12193)
trp@clydesnow.com
Shannon K. Zollinger (#12724)
skz@clydesnow.com
**CLYDE SNOW & SESSIONS**
One Utah Center, 13th Floor
201 South Main Street
Salt Lake City, Utah 84111-2216
Telephone (801) 322-2516
Facsimile (801) 521-6280

*Attorneys for Plaintiff Vivint, Inc.*

---

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| VIVINT, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br>ALARM PROTECTION, LLC, a Utah limited liability company; ALARM PROTECTION ALABAMA, LLC, a Utah limited liability company; ALARM PROTECTION ALASKA, LLC, a Utah limited liability company; ALARM PROTECTION ARKANSAS, LLC, a Utah limited liability company; ALARM PROTECTION CALIFORNIA, LLC, a Utah limited liability company; ALARM PROTECTION FLORIDA, LLC, a Utah limited liability company; ALARM PROTECTION KENTUCKY, LLC, a Utah limited liability company; ALARM PROTECTION MISSISSIPPI, LLC, a Utah limited liability company; ALARM PROTECTION TENNESSEE, LLC, a Utah limited liability company; ALARM PROTECTION TEXAS, LLC, a Utah limited liability company; ALARM PROTECTION | **VIVINT'S MOTION TO DISMISS THE THIRD, FOURTH, FIFTH AND SIXTH CAUSES OF ACTION IN ALARM PROTECTION'S COUNTERCLAIM**<br><br>Case No. 2:14-cv-00441<br><br>District Judge Clark Waddoups<br>Magistrate Judge Evelyn Furse |

UTAH, LLC, a Utah limited liability company; ADAM SCHANZ, an individual; and Does 1-10.

Defendants.

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................ vi

SUMMARY OF COUNTERCLAIMANTS' FACTUAL ALLEGATIONS ............................ viii

ARGUMENT .......................................................................................................................1

I.    PLEADING STANDARDS ............................................................................................1

II.   COUNTERCLAIMANTS' COMMON LAW UNFAIR COMPETITION CLAIMS
MUST BE DISMISSED  BECAUSE THEY FAIL TO STATE A CLAIM
PURSUANT TO FED. R. CIV. P. 12(b)(6) ........................................................................2

    A.   Counterclaimants Have Failed to State a Claim for Their Fourth Cause of Action:
Common Law Unfair Competition Pursuant to Rule 12(b)(6) ....................................2

    B.   Counterclaimants Have Failed to State a Claim for Their Sixth Cause of Action:
Common Law Unfair Competition, Deceptive Advertising, and Unfair Trade
Practices Pursuant to Rule 12(b)(6) ...........................................................................4

III.  COUNTERCLAIMANTS' FIFTH CAUSE OF ACTION FOR TRADE
SLANDER/DEFAMATION MUST BE DISMISSED BECAUSE THEY FAIL TO
SATISFY THE PLEADING REQUIREMENTS OF RULE 9(b) .......................................5

    A.   Rule 9(b) Pleading Standard ...........................................................................5

    B.   Counterclaimants Have Failed to Plead its Trade Slander/Defamation Claim With
Particularity .............................................................................................................6

IV. COUNTERCLAIMANTS' THIRD CAUSE OF ACTION FOR UNFAIR
COMPETITION UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a),  MUST BE
DISMISSED BECAUSE COUNTERCLAIMANTS' FRAUD-BASED ALLEGATIONS
FAIL TO SATISFY RULE 9(b) .......................................................................................8

    A.   Rule 9(b) Pleading Standard ...........................................................................8

    B.   Counterclaimants Have Failed to Plead its Lanham Act Claim With Particularity ...10

CONCLUSION ..................................................................................................................12

**<u>TABLE OF AUTHORITIES</u>**

<u>Cases</u>

*AirWair International Ltd. v. Schultz*,
  84 F. Supp. 3d 943 (N.D. Cal. 2015) ................................................................................ 8

*Alvarado v. KOB-TV, L.L.C.*,
  493 F.3d 1210 (10th Cir. 2007) ...................................................................................... 1

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................................................... 1

*Babbitt v. Kouris*,
  No. 2:15-CV-208 BCW, 2015 WL 5825098 (D. Utah Oct. 6, 2015) ............................... 1

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ......................................................................................................... 1

*Bickerstaff v. Vassar College*,
  196 F.3d 435 (2d Cir. 1999) ........................................................................................... 7

*Boisjoly v. Morton Thiokol, Inc.*,
  706 F. Supp. 795 (D. Utah 1988) ................................................................................ 6, 7

*Cocona, Inc. v. Singtex Indus. Co.*,
  No. 14-CV-01593-MJW, 2014 WL 5072730 (D. Colo. Oct. 9, 2014) ...................... 9, 10, 11

*Icon Health & Fitness, Inc. v. Nautilus Grp., Inc.*,
  No. 1:02CV00109TC, 2004 WL 6031124 (D. Utah Dec. 21, 2004) ............................... 12

*Klein-Becker usa, LLC v. Home Shopping Network, Inc., a Delaware corporation*,
  No. 2:05-CV-00200 PGC, 2005 WL 2265007 (D. Utah Aug. 31, 2005) .......................... 2

*Koch v. Koch Indus., Inc.*,
  203 F.3d 1202 (10th Cir. 2000) ...................................................................................... 5

*Lawrence Nat'l Bank v. Edmonds*,
  924 F.2d 176 (10th Cir.1991) .......................................................................................... 5

*LT Int'l Ltd. v. Shuffle Master, Inc.*,
  8 F. Supp. 3d 1238 (D. Nev. 2014) ......................................................................... 8, 9, 10

*MacArthur v. San Juan Cty.*,
  416 F. Supp. 2d 1098 (D. Utah 2005) ............................................................................. 7

*Marvellous Day Elec. (S.Z.) Co., Ltd. v. Ace Hardware Corp.*,
  900 F. Supp. 2d 835 (N.D. Ill. 2012) .............................................................................. 8

*MMM Healthcare, Inc. v. MCS Health Management Options*,
  818 F. Supp. 2d 439 (D.P.R. 2011) ................................................................................. 8

*Monoflo Int'l, Inc. v. Sahm*,
  726 F. Supp. 121 (E.D. Va. 1989) .................................................................................. 2

*MPC Containment Sys., Ltd. v. Moreland*,
   No. 05 C 6973, 2006 WL 2331148 (N.D. Ill. August 10, 2006) ......................................... 8, 11

*Proctor & Gamble Co. v. Haugen*
   222 F.3d 1262 (10th Cir. 2000) ................................................................................... 2, 3

*Ridge at Red Hawk, L.L.C. v. Schneider*,
   493 F.3d 1174 (10th Cir. 2007) ....................................................................................... 1

*Rocky Mountain Bell Tel. Co. v. Utah Indep. Tel. Co.*,
   88 P. 26 (Utah 1906) ................................................................................................. 3, 4

*Schwartz v. Celestial Seasonings, Inc.*,
   124 F.3d 1246 (10th Cir.1997) ................................................................................... 9, 10

*Shapiro v. UJB Fin. Corp.*,
   964 F.2d 272 (3d Cir.1992) ........................................................................................... 9

*Slaney v. Int'l Amateur Athletic Fed'n*,
   244 F.3d 580 (7th Cir. 2001) .......................................................................................... 8

*TransFresh Corp. v. Ganzerla & Assoc., Inc.*,
   862 F. Supp. 2d 1009 (N.D. Cal. 2012) ............................................................................ 8

*United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*,
   472 F.3d 702 (10th Cir. 2006) ........................................................................................ 6

*Vertical Web Media, LLC v. Etailinsights, Inc.*,
   14–cv–3220, 2014 WL 2868789 (N.D. Ill. June 24, 2014) .................................................... 8

*Wright v. Serrano*,
   No. 12-CV-0439-CVE-PJC, 2013 WL 183722 (N.D. Okla. Jan. 17, 2013) ............................... 5

## Statutes

15 U.S.C. § 1125(a) ........................................................................................... vi, viii, 8

## Rules

Fed. R. Civ. P. 12(b)(6)........................................................................... vi, vii, 1, 2, 4

Fed. R. Civ. P. 8(a) ..................................................................................... vii, 1

Fed. R. Civ. P. 9(b) .......................................................................................... passim

## PRECISE RELIEF SOUGHT AND GROUNDS FOR MOTION

Pursuant to Federal Rules of Civil Procedure 12(b)(6), 9(b) and DUCivR 7-1, Vivint, Inc. ("Vivint") respectfully moves the Court to dismiss the Third, Fourth, Fifth and Sixth Causes of Action set forth in the Counterclaim filed by Defendants and Counterclaim Plaintiffs Alarm Protection, LLC, Alarm Protection Texas, LLC, Alarm Protection Utah, LLC, Alarm Protection Alabama, LLC, Alarm Protection Alaska, LLC, Alarm Protection Arkansas, LLC, Alarm Protection California, LLC, Alarm Protection Florida, LLC, Alarm Protection Kentucky, LLC, Alarm Protection Mississippi, LLC, and Alarm Protection, Tennessee, LLC (referred to collectively herein as the "Counterclaimants"), for failure to state a claim upon which relief can be granted. Specifically, Vivint's Motion to Dismiss ("Motion") should be granted because Counterclaimants have failed to plead (1) cognizable state common law claims for unfair competition, deceptive advertising and/or unfair trade practices; and (2) claims for unfair competition under the Lanham Act, 15 U.S.C. § 1125(a), and for trade slander/defamation with the particularity required by Fed. R. Civ. P. 9(b).

## INTRODUCTION

This Motion addresses a purported "Counterclaim" that Counterclaimants have asserted on January 26, 2016, in response to a Complaint filed by Vivint in August 2014. Vivint's claims in its Complaint are premised on Defendants' widespread scheme to target and improperly solicit Vivint customers to enter into alarm services contracts with Defendants. Their typical *modus operandi* is to employ misrepresentations to deceive and confuse Vivint's customers, and frequently lead them to believe that Defendants are in some way affiliated with Vivint. Counterclaimants' Counterclaim, by contrast, appears to be nothing more than a misguided and

hastily prepared attempt to gain some leverage in this litigation. This is because Counterclaimants neglect to plead basic yet critical factual allegations required to plausibly state a claim for relief.

The pleading standards under Fed. R. Civ. P. 8(a), 12(b)(6) and 9(b) exist to avoid litigating meritless claims and to provide notice to a defendant of the claims against it. As demonstrated herein, at least four of the six causes of action in the Counterclaim fail to satisfy these standards at this earliest stage of the litigation:

First, Counterclaimants assert two causes of action that are immediately self-defeating because they do not plead recognized theories of relief under common law. Counterclaimants allege that Vivint has made defamatory statements about "AP Defendants", but do ***not*** allege, as required to state a claim under Utah common law, that Vivint has misappropriated its trademarks, or that Vivint has misled Counterclaimants' purported customers about the origin or affiliation of the two competitors. These claims also fail to sufficiently plead a basis for relief under any other common law theory.

Second, because the allegations in the Counterclaim are premised on purportedly intentional misrepresentations (defamatory statements), the allegations must be pled with particularity under Fed. R. Civ. P. 9(b). The Counterclaim includes a litany of statements that were purportedly made "on occasion," but Counterclaimants conspicuously omit the requisite information about these purported statements, i.e. the actual content of the statements, the individual(s) who made the statements, the individual(s) to whom the statements were made, when the statements were made, where the statements were made, how they were communicated, the individual or entity about whom the statements were made, and even why the purported statements are false and/or defamatory.

There is simply nothing in the Counterclaim to suggest a plausible right to relief apart from Counterclaimants' conclusory, speculative accusations. Vivint is unable to formulate a responsive pleading on the sparse allegations before it, much less evaluate and plead applicable defenses. Accordingly, pursuant to the pleading standards and interpreting case law, Counterclaimants' Third, Fourth, Fifth and Sixth Causes of Action should be dismissed.

## SUMMARY OF COUNTERCLAIMANTS' FACTUAL ALLEGATIONS

Counterclaimants assert the following claims: (1) Tortious Interference with Contractual Relations, (2) Tortious Interference with Economic Relations, (3) Unfair Competition under the Lanham Act, 15 U.S.C.§ 1125(a), (4) Unfair Competition—Common Law, (5) Trade Slander/Defamation, and (6)[1] Common Law Unfair Competition, Deceptive Advertising and Unfair Trade Practices. Vivint's Motion seeks dismissal of all causes of action, with the exception of the first and second interference claims.

All six of Counterclaimants' causes of action rely on conclusory statements of allegedly fraudulent conduct in paragraphs 15-33 (the "General Allegations") of the Counterclaim. Twelve of these nineteen paragraphs purport to summarize alleged "falsehoods" stated by Vivint to Counterclaimants' customers, pertaining to Counterclaimants' allegedly unethical and fraudulent business practices. (Countercl. ¶¶ 21-32.) None of the statements are recited verbatim, some contain selectively quoted words or phrases, and each includes the conclusory preface, "Vivint falsely represented . . .". (*See id*.) Counterclaimants allege that Vivint "knowingly and intentionally" made the statements "in order to retain customers and encourage these customers to cancel their contracts with the AP Defendants." (*Id*. at ¶ 20.) The

---

[1] Counterclaimants' final cause of action is captioned as a duplicate "Fifth Cause of Action" in the Counterclaim. Vivint refers to it herein as Counterclaimants' Sixth Cause of Action for clarification.

"falsehoods" were purportedly spread when Counterclaimants were soliciting Vivint customers. (*Id*. at ¶ 18.) In contrast to allegations contained in Vivint's Complaint, the Counterclaim does not include any allegations that Vivint is representing itself as part of or affiliated with Counterclaimants—but only that defamatory statements were made about Counterclaimants.

Critically, the Counterclaim does ***not*** contain:

▪ allegations identifying ***when*** each of the statements were allegedly made, either by identifying dates that constitute "on occasion," or whether Counterclaimants intend to allege that Vivint makes all or some of the statements every time after Counterclaimants solicit one of Vivint's past or current customers (and if so, the designation of those dates);

▪ allegations ***identifying the specific individual(s)*** who purportedly made each statement on Vivint's behalf, apart from Counterclaimants' general averment that statements were made telephonically "from Vivint's Customer Retention Department ("CRD")", or in person "from Vivint's SWAT Team[.]" (*Id*. at ¶ 19);

▪ allegations ***identifying the Counterclaimants' customer(s)*** to whom Vivint allegedly directed each statement;

▪ allegations identifying ***where*** each statement was allegedly made—including the location of the individual(s) who purportedly made the statement or the Counterclaimants' customer(s); or

▪ allegations identifying ***how***/the means through which each statement was allegedly communicated from Vivint to the customer(s).

In addition to omitting the date, means, place, and individuals involved in each of the allegedly false and fraudulent statements, Counterclaimants also omit allegations pleading why Counterclaimants' characterizations of the "falsehoods" are, in fact, false.

**ARGUMENT**

## I.     PLEADING STANDARDS.

Under Fed. R. Civ. P. 8(a)(2), the Counterclaim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In making this determination under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts well-pled allegations of the complaint as true and construes them in the light most favorable to Counterclaimants. *See, e.g., Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'" *The Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly,* 550 U.S. at 570). "[N]aked assertions devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) do not state a claim sufficiently to survive a motion to dismiss.

"The Tenth Circuit has stated that [the plausibility] pleading requirement serves two purposes: (1) to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense, and (2) to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim." *Babbitt v.*

*Kouris*, No. 2:15-CV-208 BCW, 2015 WL 5825098, at *1-3 (D. Utah Oct. 6, 2015) (unpublished) (internal citations and quotations omitted).

Counterclaimants are not only subject to the plausibility requirements under Rule 12(b)(6) with respect to each of their claims, but, as demonstrated below, Counterclaimants must additionally plead certain claims with particularity under Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake . . .").

## II. COUNTERCLAIMANTS' COMMON LAW UNFAIR COMPETITION CLAIMS MUST BE DISMISSED BECAUSE THEY FAIL TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6).

### A. Counterclaimants Have Failed to State a Claim for Their Fourth Cause of Action: Common Law Unfair Competition Pursuant to Rule 12(b)(6).

Unfair competition claims under Utah[2] common law are limited to "palming off" or "misappropriation" claims. *See Klein-Becker usa, LLC v. Home Shopping Network, Inc., a Delaware corporation*, No. 2:05-CV-00200 PGC, 2005 WL 2265007, at *6-7 (D. Utah Aug. 31, 2005) (unpublished) ("Consistent with the Tenth Circuit's opinion in *Proctor & Gamble Co. v. Haugen* [222 F.3d 1262 (10th Cir. 2000)], this court is not inclined to go beyond the Utah courts

---

[2] The Counterclaim fails to articulate whether it is bringing common law claims under Utah or federal law. This Motion discusses Utah common law as it appears to be the only viable theory of recovery post-Lanham Act. *See, e.g., Monoflo Int'l, Inc. v. Sahm*, 726 F. Supp. 121, 126-28 (E.D. Va. 1989) (in case involving allegations of misrepresentations concerning a competitor, finding "persuasive the view that there is no federal common law of unfair competition applicable here separate or apart from the Lanham Act and judicial decisions construing the Act"). *Sahm* noted that "common law outside of a specific federal statutory scheme survives only in specialized areas such as international relations, admiralty, enforcement of constitutional rights, interstate disputes, or federal proprietary interests." *Id.* at 127. "No such special reasons exist in the case at bar. On the contrary, unfair competition in its manifold forms is adequately addressed at the federal level by a number of statutes, including the Act and the antitrust, copyright, and patent laws, as well as the judicial decisions construing them. And the Court perceives no need to establish uniform national standards of unfair competition beyond those contained in these statutes and their associated decisional law." *Id.*

to recognize other common-law unfair competition claims in addition to 'palming off' and 'misappropriation.'").  "As the Tenth Circuit noted in *Haugen*, both 'palming off' and 'misappropriation of goodwill' involve situations in which a company attempts to profit from the reputation of its competitor ***by selling one of its own products as that of its competitor or misappropriating a trademark belonging to its competitor***."  *Id.* (quoting *Haugen*, 222 F.3d at 1280) (emphasis added).[3]

The court in *Haugen* affirmed Judge Dale Kimball's dismissal of a common law unfair competition claim.  The plaintiff accused the defendants of disseminating a rumor that the plaintiff was a corporate agent of Satan.  Like Counterclaimants in this case, the plaintiff in *Haugen* brought claims for unfair competition under the Lanham Act, defamation per se, intentional interference, and common law unfair competition based on the misrepresentations allegedly made by the defendant.  After describing the conduct that is proscribed by "palming off" and "misappropriation," the court in *Haugen* held, "[t]hat is not what occurred in the instant case, and it is not our place to expand Utah state law beyond the bounds set by the Utah Supreme Court or, in the absence of Utah Supreme Court precedent, by the lower Utah courts."  *Id.* at 1280 (internal citations and quotations omitted) (concluding that dissemination of message to effect that competitor was an agent of Satan was not palming off or misappropriation of goodwill, and thus not within the tort of unfair competition under Utah law).

---

[3] *See also Rocky Mountain Bell Tel. Co. v. Utah Indep. Tel. Co.,* 88 P. 26, 28 (Utah 1906):

> Unfair competition as we understand it, consists in one person imitating by some device or designation the wares made and sold by another for the purpose of palming off or substituting his wares for those of the other, and in that way misleading the purchaser by inducing him to buy the wares made and sold by the first instead of those by the second.

In accordance with holding in *Haugen*, the court in *Klein-Becker* rejected the plaintiff's argument that "other unfair competition claims may be recognized under Utah law[.]" *Id.* at *6-7. Accordingly, the court in *Klein-Becker* dismissed the plaintiff's unfair competition claim because its allegations did not suggest that defendants attempted to "palm off" or "misappropriate" the plaintiff's trademark: "On the contrary, the [advertising] copy makes clear that the parties and products were competitors." *Id.*

The decisions in *Haugen* and *Klein-Becker* are instructive here. Counterclaimants' common law unfair competition claim is based entirely on allegations that Vivint spread defamatory "falsehoods" about Counterclaimants. There are no allegations in the Counterclaim that Vivint sought to misappropriate any of Counterclaimants' trademark(s), or that it attempted to palm or pass off its goods and services as those of Counterclaimants. To the contrary, Counterclaimants allege that Vivint made it very clear that the two companies were competitors by making defamatory statements about Counterclaimants, in order to induce the customer to cancel their contract with Counterclaimants and remain a customer of Vivint. (Countercl. ¶¶ 20, 21-32.) Accordingly, because Counterclaimants' common law unfair competition claim is not recognized under Utah common law, it must be dismissed.

> **B.** **Counterclaimants Have Failed to State a Claim for Their Sixth Cause of Action: Common Law Unfair Competition, Deceptive Advertising, and Unfair Trade Practices Pursuant to Rule 12(b)(6).**

Counterclaimants make no distinction between their Fourth and Sixth Causes of Action, which appear under duplicate captions as "common law unfair competition." The allegations within Counterclaimants' Sixth Cause of Action do not add any clarity in this regard. Apart from a conclusory allegation that Counterclaimants have been "harmed" and a demand for damages, including punitive damages (Countercl. ¶¶ 70-71), the claim contains a formulaic

recitation incorporating "all previous paragraphs of the Counterclaim," and a single, legal conclusion: "Vivint's actions constitute unfair competition, deceptive advertising, and unfair trade practices proscribed by the common law." (*Id.* at ¶¶ 68, 69.) Vivint is left with no ability to: (i) distinguish Counterclaimants' "common law unfair competition" claim from their Fourth Cause of Action, (ii) determine what additional or sub-claims Counterclaimants intend to bring by their insertion of the labels "deceptive advertising" and "unfair trade practices" into the duplicate unfair competition claim; or (iii) determine how the "previous paragraphs" of the Counterclaim are supposed to correspond to these illusory claim(s) or sub-claim(s) and/or corresponding element(s).

The only cognizable cause of action under the common law—palming off and misappropriation—is inapplicable to the nature of Counterclaimants' allegations as a matter of law. Accordingly, the Court should dismiss Counterclaimants' Fourth Cause of Action and their duplicate Sixth Cause of Action because it is necessarily plagued with the same defects.

## III. COUNTERCLAIMANTS' FIFTH CAUSE OF ACTION FOR TRADE SLANDER/DEFAMATION MUST BE DISMISSED BECAUSE THEY FAIL TO SATISFY THE PLEADING REQUIREMENTS OF RULE 9(b).

### A. Rule 9(b) Pleading Standard.

The Tenth Circuit "requires a complaint alleging fraud to 'set forth the time, place and contents of the false representation, the identity of the party making the false statement and the consequences thereof.'" *Wright v. Serrano*, No. 12-CV-0439-CVE-PJC, 2013 WL 183722, at *4 (N.D. Okla. Jan. 17, 2013) (unpublished) (quoting *Koch v. Koch Indus., Inc.,* 203 F.3d 1202 (10th Cir. 2000)) (quoting *Lawrence Nat'l Bank v. Edmonds,* 924 F.2d 176, 180 (10th Cir.1991)). In *Serrano*, the court dismissed a complaint for failure to adequately allege a defamation claim because while it stated when the alleged false statements occurred, it failed to describe "any

specific statements made by any defendant." *Id*. at *4. *See also United States ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah,* 472 F.3d 702, 726–27 (10th Cir. 2006) ("At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud [] and must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof.") (internal citations and quotations omitted); *Boisjoly v. Morton Thiokol, Inc.*, 706 F. Supp. 795, 799-801 (D. Utah 1988) (holding that conclusory allegations "do not meet the particularity requirements with which a defamation claim must be alleged"; which, under Utah law, requires, *inter alia*, that "a claim must identify the defamatory statement either by its words or words to that effect; general conclusory statements are inadequate" and noting that "courts have generally required the complaint to also allege when, where, and to whom the alleged defamatory statement was made") (internal citations and quotations omitted). "The purpose of the particularity requirement in pleading defamation is to allow the court to decide if the statement is defamatory <u>and to allow the defendant to formulate a defense</u>." *Id*. at 800. (Emphasis added).

### B. Counterclaimants Have Failed to Plead Their Trade Slander/Defamation Claim With Particularity.

Counterclaimants' claim for trade slander/defamation must be dismissed because Counterclaimants fail to satisfy the heightened pleading standard. The claim is premised on a laundry list of alleged "falsehoods"—each characterized in Counterclaimants' own words. However, on a cursory review of the remaining allegations in the Counterclaim, it is patently clear that the allegations are devoid of the context required by law, including: **where** the allegedly defamatory statement(s) were made, **when** they were made or with what frequency, ***the identity of the Counterclaimant customers*** they were allegedly made to, ***the identity of the***

*individual(s)* who allegedly made the statements, or the ***means*** by which they were communicated to Counterclaimants' customers. (*See, e.g.,* Countercl.)

Rule 9(b) is not optional. Counterclaimants' failure to plead this claim with particularity deprives Vivint of its right to adequate notice of Counterclaimants' claim or the ability to formulate potential defenses and an informed, appropriate response. *Morton*, 706 F. Supp. at 800. For example, had Counterclaimants satisfied their pleading burden to identify when each of these alleged statements were made, Vivint could determine whether a statute of limitations defense is appropriate to dismiss some or all of the alleged occurrences. *See MacArthur v. San Juan Cty.*, 416 F. Supp. 2d 1098, 1186 (D. Utah 2005) (Utah law imposes one-year statute of limitations for private civil damages actions for common law defamation, running from the time the plaintiff is aware of the statements or the statements were reasonably discoverable by the plaintiff). Or, without identifying the individual(s) whom Counterclaimants accuse of making the allegedly defamatory statements, or the Counterclaimants' customer(s) to whom they were made, Vivint is unable to ascertain if it is even responsible for the alleged conduct to formulate a responsive pleading. A vague averment that "Vivint's Customer Retention Department" or Vivint's "SWAT Team" are responsible for these statements "[o]n occasion," is insufficient to establish that the speaker was, in fact, an agent of Vivint, or suggest any other basis for imposing liability on Vivint. While Counterclaimants are entitled have factual allegations inferred in their favor, "[a]n inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact [that is known to exist]." *Bickerstaff v. Vassar College*, 196 F.3d 435, 448 (2d Cir. 1999). There are absolutely no factual allegations in the Counterclaim—plead with particularity or otherwise—from which this Court could reasonably infer that an actual representative of Vivint made the generalized, non-verbatim

statements alleged by Counterclaimants, to an unidentified customer at an unidentified time and unidentified place.

The pleading requirements for a defamation claim are plain and explicit. Counterclaimants have failed to include each of the requisite identifiers sufficient to plead a defamation claim. The Counterclaim's Fifth Cause of Action must therefore be dismissed.

## IV. COUNTERCLAIMANTS' THIRD CAUSE OF ACTION FOR UNFAIR COMPETITION UNDER THE LANHAM ACT, 15 U.S.C. § 1125(a), MUST BE DISMISSED BECAUSE COUNTERCLAIMANTS' FRAUD-BASED ALLEGATIONS FAIL TO SATISFY RULE 9(b).

### A. Rule 9(b) Pleading Standard.

"Claims alleging false representation under the Lanham Act are subject to Rule 9(b)." *MPC Containment Sys., Ltd. v. Moreland*, No. 05 C 6973, 2006 WL 2331148 (N.D. Ill. August 10, 2006) (unpublished) (internal citations omitted).[4] While Rule 9(b) does not inherently apply to the elements of a Lanham Act claim, it is invoked when allegations under the Lanham Act sound in fraud, including in the context where intentional misrepresentations are made about a competitor. *See LT Int'l Ltd. v. Shuffle Master, Inc.*, 8 F. Supp. 3d 1238, 1244-46 (D. Nev. 2014)

---

[4] *See also, e.g., Slaney v. Int'l Amateur Athletic Fed'n,* 244 F.3d 580, 597 (7th Cir. 2001); *Vertical Web Media, LLC v. Etailinsights, Inc.,* 14–cv–3220, 2014 WL 2868789, at *4 (N.D. Ill. June 24, 2014) (unpublished) (applying Rule 9(b) to a Lanham Act claim that "sound[ed] in fraud"); *Marvellous Day Elec. (S.Z.) Co., Ltd. v. Ace Hardware Corp.*, 900 F. Supp. 2d 835 (N.D. Ill. 2012) (claims that alleged false representation or false advertising under the Lanham Act are subject to the heightened pleading requirements for fraud); *AirWair International Ltd. v. Schultz*, 84 F. Supp. 3d 943 (N.D. Cal. 2015) (applying federal rule's heightened pleading requirement for fraud to Lanham Act claim alleging fraud in procurement of trademark); *TransFresh Corp. v. Ganzerla & Assoc., Inc.*, 862 F. Supp. 2d 1009 (N.D. Cal. 2012) (plaintiff's Lanham Act claim that defendant competitor had willfully and maliciously made numerous misleading and false representations on its website and elsewhere regarding plaintiff's produce processes and comparing them unfavorably with those used by defendant sounded in fraud, and thus complaint was required to meet heightened pleading standards under federal rule); *MMM Healthcare, Inc. v. MCS Health Management Options*, 818 F. Supp. 2d 439 (D.P.R. 2011) (provider of Medicare benefits alleged Lanham Act false advertising claims—that competitor falsely told recipients that they would no longer be able to receive care from plaintiff provider— with sufficient particularity to meet heightened fraud-pleading standard).

(noting that, while "nothing in the elements of a Lanham Act false advertising claim themselves triggers Rule 9's heightened pleading standard", a plaintiff "may choose nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct and rely entirely on that course of conduct as the basis of a claim," such that the claim is said to "sound in fraud" and must therefore satisfy Rule 9(b) for fraudulent conduct allegations). Accordingly, *Shuffle Master* noted that many courts have applied Rule 9(b) to Lanham Act claims alleging misleading and false representations by a business competitor. *See id.*

A court in the Tenth Circuit has recently applied Rule 9(b) in this context. *See Cocona, Inc. v. Singtex Indus. Co.*, No. 14-CV-01593-MJW, 2014 WL 5072730, at *6-10 (D. Colo. Oct. 9, 2014) (unpublished) (allegations that defendant knowingly misrepresented how it "stack[ed]" up next to competitor's product, in support of an unfair competition claim under the Lanham Act, was subject to and failed to satisfy Rule 9(b) particularity requirements). The court in *Cocona* surveyed relevant decisions and concluded that, while the Tenth Circuit has not previously ruled on the application of Rule 9(b) to the Lanham Act, and "[d]espite the bottom-line differences" in other cases, there is a similar reasoning that Rule 9(b) applies where there are allegations of fraud, or a unified course of fraudulent conduct. *See id*. at * 7 (internal citations and quotations omitted). The court in *Cocona* stated that this "focus on discrete factual averments, rather than the elements of the legal claim, also finds support in the Tenth Circuit." *Id*. (citing *Schwartz v. Celestial Seasonings, Inc.,* 124 F.3d 1246, 1251-52 (10th Cir.1997) (distinguishing *Shapiro v. UJB Fin. Corp.,* 964 F.2d 272 (3d Cir.1992), and holding Rule 9(b) did not apply, despite identical legal claim, because case at bar alleged facts for negligent rather than intentional misstatements)). Accordingly, the court in *Cocona* held that "Rule 9(b) applies to false-advertising claims under the Lanham Act only insofar as the factual averments allege

intentional or knowing misrepresentations. Such averments must be pled with particularity. To the extent the Lanham Act claim is based entirely on 'a unified course' of such conduct, the entire claim must be pled with particularity." *Id*. at *8.

The Counterclaim consists entirely of allegations that Vivint "knowingly and intentionally spread falsehoods about the AP Defendants[.]" (Countercl. ¶ 20.)[5] Counterclaimants allege that Vivint engaged in "these practices" (*id*. at ¶ 33) "in order to retain customers and encourage these customers to cancel their contracts with the AP Defendants." (*Id*. at ¶¶ 20, 33.) Thus, Rule 9(b) and interpreting case law imposes a particularity pleading standard on Counterclaimants—whether as to the discrete factual averments of intentional misrepresentations, and/or to the unified course of conduct premised on those intentional misrepresentations.

**B.      Counterclaimants Have Failed to Plead Their Lanham Act Claim With Particularity.**

Similar to Counterclaimants' defamation claim, where Rule 9(b) applies, the complainant must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Schwartz v. Celestial Seasonings, Inc.,* 124 F.3d 1246, 1252 (10th Cir.1997) (citation omitted). Courts do not hesitate to reject allegations that are deficient as to any one of these identifiers. *See, e.g., Cocona*, 2014 WL 5072730, at *8 (rejecting allegations in support of a Lanham Act intentional misrepresentation claim because plaintiff "has not alleged the 'who, what, when, where and how of the alleged' falsehoods, as required under Rule 9(b)"); *Shuffle Master*, 8 F. Supp. 3d at 1246 (rejecting

---

[5] Similarly, the court in *Cocona* found the following allegation—that the defendant "made [the false-comparison] statements to Cocona's customers knowing that they were false and/or misleading as [the defendant] knew that the S. Café fabric products do not have performance qualities that are equivalent to Cocona's products"—as a "knowing misrepresentation—a species of fraud, subject to Rule 9(b) pleading." *Id*. at *8.

allegations in support of a Lanham Act intentional misrepresentation claim where—after recognizing the required identifiers and that "[t]he absence of even one of these identifiers justifies dismissal"—the allegations "gestures broadly" toward "who," by identifying "Defendant," and "where" by identifying a trade show, [but] the plaintiff "fails to offer the information to fill in the rest of the blanks. There is no indication of 'how' the alleged statements were made (i.e., orally, by email, in a letter, on a Post-it). More importantly, [the plaintiff] provides no insight into the factual content of any statement, despite its burden to allege with particularity 'what is false or misleading about the purportedly fraudulent statement, and why it is false.'") (internal citations and quotations omitted); *MPC Containment Sys., Ltd. v. Moreland*, No. 05 C 6973, 2006 WL 2331148, at *3 (N.D. Ill. Aug. 10, 2006) (unpublished) (rejecting allegations in support of a Lanham Act intentional misrepresentation claim because "[a]lthough [the plaintiff] alleges the 'who,' 'what,' and 'where,' it fails to adequately provide the 'when' [despite stating it was before termination of employment] and 'how.'").

Counterclaimants rely on the same "falsehoods" summarized within their General Allegations in support of their Lanham Act claim, as with each of their other claims. Consequently, as set forth above in the "Summary of Counterclaimants' Factual Allegations" and in the discussion pertaining to Counterclaimants' trade slander/defamation claim, the Counterclaim fails to adequately plead each of the required identifiers under the Rule 9(b) standard. Again, Rule 9(b) is not optional and Counterclaimants' failure to include any one of these identifiers is fatal to their Lanham Act claim.

If the Lanham Act claim is not dismissed, Vivint is placed in the untenable position of formulating a responsive pleading or appropriate defenses without information Counterclaimants are obligated to plead. For example, the court in *Cocona* acknowledged a basis to seek dismissal

if the alleged misrepresentations amount to "mere puffery." *See id*. at * 9. The subjective characterizations and selective quotations of the alleged statements, by Counterclaimants, do not allow any context for Vivint to identify whether such statements were couched as non-actionable opinion. The absence of the other required identifiers ensures it will be impossible for Vivint to otherwise identify the subject transaction to be able to identify this information or other pleading defenses. Such defenses, similar to Counterclaimants' defamation claim, may arise under agency principles or the applicable statute of limitations. *See Icon Health & Fitness, Inc. v. Nautilus Grp., Inc.*, No. 1:02CV00109TC, 2004 WL 6031124, at *19 (D. Utah Dec. 21, 2004) (unpublished) (Utah's three-year fraud statute of limitations applies to Lanham Act claims).

In sum, like its trade slander/defamation claim, Counterclaimants have failed to plead a sufficient claim for intentional misrepresentations under the Lanham Act. This claim must therefore be dismissed pursuant to Rule 9(b).

## CONCLUSION

Based on the foregoing, Vivint respectfully requests that the Court dismiss the Third, Fourth, Fifth and Sixth Causes of Action of the Counterclaim.

DATED this 19th day of February, 2016.

**CLYDE SNOW & SESSIONS**

/s/   Matthew A. Steward
Matthew A. Steward
Timothy R. Pack
Shannon K. Zollinger
*Attorneys for Plaintiff Vivint, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 19th day of February 2016, I caused a true and correct copy of

the foregoing document to be sent to the following by email as follows:

Erik Olson                                                    via ECF Notification
Jason Hull
MARSHALL OLSON & HULL
Ten Exchange Place, Suite 350
Salt Lake City, UT  84111
eolson@mohtrial.com
jhull@mohtrial.com
*Attorneys for Defendants*


/s/ Kari J. Peck_____