Matthew A. Steward (#7637)
mas@clydesnow.com
Brian C. Webber (#8018)
bcw@clydesnow.com
Timothy R. Pack (#12193)
trp@clydesnow.com
**CLYDE SNOW & SESSIONS**
One Utah Center, 13th Floor
201 South Main Street
Salt Lake City, Utah  84111-2216
Telephone (801) 322-2516
Facsimile (801) 521-6280

*Attorneys for Plaintiff Vivint, Inc.*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| VIVINT, INC., a Utah corporation | **ATTORNEY PLANNING MEETING REPORT** |
| Plaintiff, | |
| v. | Case No. 2:14-cv-00441-CW-EJF |
| ALARM PROTECTION, LLC, a Utah limited liability company, et al. | Judge Clark Waddoups |
| | Magistrate Judge Evelyn J. Furse |
| Defendants. | |

**I.   PRELIMINARY MATTERS**:

a. The nature of claims and affirmative defenses is:  This dispute concerns Vivint, Inc.'s ("Vivint") claims against Alarm Protection, LLC ("AP") and other related parties for alleged intentional interference with contractual and economic relations, unfair competition, deceptive and/or misleading sales practices, defamation/slander and injunctive relief arising out of Defendants' sale of alarm monitoring contracts to existing Vivint customers.  Defendants have asserted various affirmative defenses and

       deny all material allegations in Vivint's Complaint.  Defendants have also brought a counterclaim for alleged tortious interference with contractual and economic relations, unfair competition, and slander/defamation arising out of Vivint's dealings with existing AP customers.  Vivint has not filed an Answer to this counterclaim.

   b. This case is to be referred to a magistrate judge.

   c. On March 24, 2016, the following counsel conferred regarding this report: *Erik Olson and Jason Hull*, counsel for Defendants and *Matthew A. Steward and Timothy R. Pack*, counsel for Plaintiff.

   d. The parties do not request an initial pretrial scheduling conference with the court prior to entry of the scheduling order.

   e. The parties will exchange the initial disclosures required by Rule 26(a)(1) by April 22, 2016.

   f. Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by either (i) notice of electronic filing, or (ii) email transmission.  Such electronic service will constitute service and notice of entry as required by those rules.  Any right to service by USPS mail is waived.  For purposes of calculating response deadlines pursuant to this section, electronic service via the Court's CM/ECF system or email is deemed to constitute service via U.S. Mail as specified in Federal Rule of Civil Procedure 6(d).

**II.**    **DISCOVERY PLAN**:  The parties jointly propose to the court the following discovery plan:

   a. Discovery shall not commence until after Vivint has filed its Answer to AP's Counterclaim.

   b. Discovery is necessary on all information relating to the parties' respective claims and defenses.

   c. Discovery will not be conducted in phases.

   d. Designate the discovery methods to be used and the limitations to be imposed.

       (i)    Oral Exam Depositions: 10 per side

            Maximum no. hours. per deposition:  7.

      (ii)      Trial depositions of customers: 40 hours per side.

      (iii)     Interrogatories: 25

      (iv)     Requests for admissions: 25

      (v)      Requests for production of documents: 25

      (vi)     Other discovery methods: At this time, subpoenas are anticipated as a discovery method.

   e.   Any party may, in its discretion, appear at any deposition via telephone or video conference without further order of the Court.

   f.   Discovery of electronically stored information should be handled as follows: The parties shall preserve all electronic data which is related to the claims and defenses in this matter. Parties do not anticipate high volume of electronic discovery and will handle electronic discovery by agreement of counsel.

   g.   The parties have not agreed on a procedure for asserting post-production privilege claims, but agree to consider this issue after determining the extent and volume of electronic document production.

**III.  AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:

   a.   The cutoff date for filing amended pleadings: May 31, 2016. All other requests to amend pleadings must be made pursuant to Fed. R. Civ. P. 15.

   b.   The cutoff date for filing a motion to join additional parties is May 31, 2016.

**IV.  EXPERT REPORTS**:

   a.   Expert reports under Rule 26(a)(2) on an issue for which a party bears the burden of proof will be submitted on: February 28, 2017.

   b.   Rebuttal reports will be submitted on: April 14, 2017.

**V.  OTHER DEADLINES**:

   a.   Fact Discovery cutoff: January 13, 2017.

   b.   Expert Discovery cutoff: May 5, 2017.

   c.   Deadline for filing dispositive, or potentially dispositive motions and Daubert motions is May 31, 2017.

VI.  **ADR/SETTLEMENT**:

   a. The potential for resolution before trial is: unknown.

   b. This case should not be referred to the court's alternative dispute resolution program.

   c. The case should be re-evaluated for settlement/ADR resolution on November 15, 2016.

VII. **TRIAL AND PREPARATION FOR TRIAL:**

   a. The parties should have 14 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3) (if different than 14 days provided by Rule).

   b. This case should be ready for trial by: August 30, 2017

   *Specify type of trial*:   Jury.

   The estimated length of the trial is:  8 days

/s/ Matthew A. Steward        Date: 3/28/2016
Matthew A. Steward
Timothy R. Pack
CLYDE SNOW & SESSIONS
Attorneys for Plaintiff Vivint

/s/ Jason Hull_____        Date: 3/28/2016
Erik Olson
Jason Hull
MARSHALL OLSON & HULL
Attorneys for Defendants
(*Signed w/ permission of counsel*)