ERIK A. OLSON [8479]
EOLSON@MOHTRIAL.COM
JASON R. HULL [11202]
JHULL@MOHTRIAL.COM
**MARSHALL OLSON & HULL**
NEWHOUSE BUILDING
TEN EXCHANGE PLACE, SUITE 350
SALT LAKE CITY, UTAH 84111
TELEPHONE: 801.456.7655
FAX: 801.456.7656

ATTORNEYS FOR DEFENDANTS

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| VIVINT, INC., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALARM PROTECTION, LLC, a Utah limited liability company; ALARM PROTECTION TECHONOLOGY, LLC, a Utah limited liability company; ALDER HOLDINGS, LLC, a Utah limited liability company; BOERBOEL PROTECTION, LLC, a Utah limited liability company; ALARM PROTECTION ALABAMA, LLC, a Utah limited liability company; ALARM PROTECTION TECHNOLOGY ALABAMA, LLC, a Utah limited liability company; ALARM PROTECTION ALASKA, LLC, a Utah limited liability company;  ALARM PROTECTION TECHNOLOGY ALASKA, LLC, a Utah limited liability company; ALARM PROTECTION ARIZONA, LLC, a Utah limited liability company; ALARM PROTECTION TECHONOLOGY ARIZONA, LLC, a Utah limited liability company; ALARM PROTECTION ARKANSAS, LLC, a Utah limited liability company; ALARM | **ANSWER TO AMENDED COMPLAINT AND RENEWED COUNTERCLAIM**<br><br><br>Case No. 2:14-cv-00441 |

PROTECTION TECHONOLOGY
ARKANSAS, LLC, a Utah limited liability
company; ALARM PROTECTION
CALIFORNIA, LLC, a Utah limited liability
company; ALARM PROTECTION
TECHNOLOGY CALIFORNIA, LLC, a Utah
limited liability company; ALARM
PTOTECTION FLORIDA, LLC, a Utah limited
liability company; ALARM PROTECTION
TEHCNOLOGY FLORIDA, LLC, a Utah
limited liability company; ALARM
PROTECTION GEORGIA, LLC, a Utah limited
liability company; ALARM PROTECTION
TECHNOLOGY GEORGIA, LLC, a Utah
limited liability company; ALARM
PROTECTION IDAHO, LLC, a Utah limited
liability company; ALARM PROTECTION
TECHNOLOGY IDAHO, LLC, a Utah limited
liability company; ALARM PROTECTION
INDIANA, LLC, a Utah limited liability
company; ALARM PROTECTION
TECHNOLOGY INDIANA, LLC, a Utah
limited liability company; ALARM
PROTECTION KENTUCKY, a Utah limited
liability company; ALARM PROTECTION
TECHNOLOGY KENTUCKY, LLC, a Utah
limited liability company; ALARM
PROTECTION MISSISSIPPI, LLC, a Utah
limited liability company; ALARM
PROTECTION TECHNOLOGY MISSISSIPPI,
LLC, a Utah limited liability company; ALARM
PROTECTION NEVADA, LLC, a Utah limited
liability company; ALARM PROTECTION
TECHNOLOGY NEVADA, LLC, a Utah
limited liability company; ALARM
PROTECTION OKLAHOMA, LLC, a Utah
limited liability company; ALARM
PROTECTION TECHNOLOGY OKLAHOMA,
LLC, a Utah limited liability company; ALARM
PROTECTION TENNESSEE, LLC, a Utah
limited liability company; ALARM
PROTECTION TECHNOLOGY TENNESSEE,
LLC, a Utah limited liability company;
ALARM PROTECTION TEXAS, LLC, a Utah
limited liability company; ALARM
PROTECTION TECHNOLOGY TEXAS, LLC,

| | |
|---|---|
| a Utah limited liability company; ALARM PROTECTION UTAH, LLC, a Utah limited liability company; RHODESIAN PROTECTION, LLC, a Utah limited liability company, an individual, and DOES 1–10,<br><br>     Defendants. | |

Pursuant to Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, defendants hereby submit this answer to the Amended Complaint (the "Complaint") of Vivint, Inc. ("Vivint") and renew their counterclaim as follows:

## FIRST DEFENSE

The Complaint fails to state a claim for relief against Defendants on which relief can be granted.

## SECOND DEFENSE

Defendants respond to the separately numbered paragraphs of the Complaint as follows, specifically reserving the right to amend or supplement their responses as further discovery and investigation may warrant:

1.     Defendants are without sufficient knowledge or information as to the allegations of paragraph 1 of the Complaint and therefore deny the same.

2.     Defendants admit that Alarm Protection LLC is a Utah limited liability company and deny all other allegations.

3.     Admit.

4.     Defendants admit that Alder Holdings, LLC is a Utah limited liability company and deny all other allegations.

5.     Admit.

6.      Admit.

7.      Admit.

8.      Admit.

9.      In response to the allegations of paragraph 9 of the Complaint, Defendants admit that Alarm Protection Technology, LLC is the manager of Rhodesian Protection, LLC and deny all other allegations.

10.     Admit.

11.     Admit.

12.     Deny.

13.     In response to the allegations of paragraph 13 of the Complaint, Defendants admit that they are in the business of selling and installing electronic security services and equipment and that they directly compete with Vivint, and deny all other allegations.

14.     In response to the allegations of paragraph 14 of the Complaint, Defendants state that they lack knowledge and belief as to the awareness of names and capacities to which plaintiff refers and deny these and all other allegations.

15.     Deny.

16.     Deny.

17.     The allegations of paragraph 17 of the Complaint contain a legal conclusion to which no response is required.  To the extent that a response is required, Defendants deny the allegations of paragraph 10.

18.     In response to the allegations of paragraph 18 of the Complaint, Defendants state that they lack knowledge and belief as to such allegations and therefore deny the same.

19.     In response to the allegations of paragraph 19 of the Complaint, Defendants state that they lack knowledge and belief as to such allegations and therefore deny the same.

20.     In response to the allegations of paragraph 20 of the Complaint, Defendants state that they lack knowledge and belief as to such allegations and therefore deny the same.

21.     Admit.

22.     Deny.

23.     In response to the allegations of paragraph 23 of the Complaint, Defendants state that they lack knowledge and belief as to such allegations and therefore deny the same.

24.     Deny.

25.     Deny.

26.     Deny.

27.     Deny.

28.     Deny.

29.     In response to the allegations of paragraph 29 of the Complaint, Defendants admit that certain names have been disclosed in discovery, state that Vivint's claims require pleading with specificity under Rule 9(b) of the Federal Rules of Civil Procedure, state that Vivint is not entitled to supplement the names of customers disclosed because doing so would violate the specificity requirements of Rule 9(b), and deny all other allegations.

30.     Deny.

31.     Deny.

32.     Deny.

33.     Deny.

34.     Deny.

35.     Deny.

36.     Deny.

37.     Deny.

38.     The allegations of paragraph 38 of the Complaint contain a legal conclusion to which no response is required.  To the extent that a response is required, Defendants deny the allegations of paragraph 38.

39.     Deny.

Response to First Cause of Action

40.     All denials, defenses, and assertions in this Answer are re-incorporated in response.

41.     In response to the allegations of paragraph 41 of the Complaint, Defendants state that they lack knowledge and belief as to such allegations and therefore deny the same.

42.     Deny.

43.     Deny.

44.     Deny.

45.     Deny.

46.     Deny.

47.     Deny.

Response to Second Cause of Action

48.     All denials, defenses, and assertions in this Answer are re-incorporated in response.

49.     Deny.

50.     Deny.

51.     Deny.

52.     Deny.

53.     Deny.

54.     Deny.

<u>Response to Third Cause of Action</u>

55.     All denials, defenses, and assertions in this Answer are re-incorporated in response.

56.     Deny.

57.     Deny.

58.     Deny.

59.     Deny.

60.     Deny.

<u>Response to Fourth Cause of Action</u>

61.     All denials, defenses, and assertions in this Answer are re-incorporated in response.

62.     Deny.

63.     Deny.

64.     Deny.

65.     Deny.

66.     Deny.

<u>Response to Fifth Cause of Action</u>

67.     All denials, defenses, and assertions in this Answer are re-incorporated in response.

68.     Deny.

69.     Deny.

70.     Deny.

71.     Deny.

72.     Deny.

73.     Deny.

74.     Deny.

75.     Deny.

## THIRD DEFENSE – GENERAL DENIAL

Defendants expressly deny generally and specifically each and every allegation contained in the Complaint, including the prayer for relief, that is not expressly admitted above in response to the specific allegations of the Complaint.

## FOURTH DEFENSE – AFFIRMATIVE DEFENSES

Plaintiff's claims are barred, in whole or in part, based on the following affirmative defenses:

1.      The doctrines of estoppel, waiver, consent, acquiescence, ratification, novation, accord and satisfaction, laches, unclean hands, and/or legal justification.

2.      Plaintiff's claims are barred for failure or lack of consideration.

3.      Plaintiff's claims are subject to offset.

4.      Plaintiff's claims are barred based on plaintiff's inability to show damage.

5.      Plaintiff's claims are barred in whole or in part to the extent that plaintiff failed to plead its claims with the particularity required of Rule 9(b).

6.      Recovery would result in unjust enrichment to plaintiff.

7.      Plaintiff's alleged damages were self-inflicted or resulted from unavoidable circumstances, causes beyond the control or fault of defendants, or acts or omissions of third parties over whom defendants have no control and for whose acts or omissions defendants have no liability.

8.      Some or all of plaintiff's claims are barred because all actions and conduct on the part of defendants were undertaken in good faith for legitimate business purposes and were done in a reasonable and lawful manner and thus are subject to applicable privileges.

9.      Plaintiff has failed to mitigate its damages.

10.     Plaintiff has mitigated its damages.

11.     The Complaint was filed without just cause, in bad faith, and without any reasonable basis or belief that it is well grounded in fact and warranted by existing law, or a good faith argument for the extension, modification, or reversal of existing law.  Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Utah Code § 78B-5-825, the Court's inherent powers, and applicable law, the AP Defendants are entitled to recover their reasonable attorney fees and costs incurred because of the filing of this action.

The AP Defendants reserve the right to amend their answer to include additional separate or affirmative defenses that may be revealed to apply as a result of discovery in this lawsuit, including, but not limited to, the affirmative defenses explicitly enumerated in Rule 8 of the Federal Rules of Civil Procedure and any defenses not enumerated above.

WHEREFORE, the AP Defendants demand that the Complaint be dismissed with prejudice and on the merits, that plaintiff takes nothing thereby, that the AP Defendants be awarded their reasonable attorney fees and costs incurred in defending against the Complaint, and for such other and further relief as the Court may deem appropriate under the circumstances.

## COUNTERCLAIM

Defendants hereby renew the Amended Counterclaim filed in this action on or about March 14, 2016 and incorporate the same herein by reference as if all allegations and claims made in the Amended Counterclaim were made herein by each and every defendant. Therefore, each and every defendant seeks the relief set forth in the Amended Counterclaim as follows:

## PRAYER FOR RELIEF

WHEREFORE, on each of their Causes of Action, Defendants pray for judgment in their favor and against Vivint as follows:

1.     For damages in an amount to be proven at trial;

2.     For statutory, treble and exemplary damages where allowed by law;

3.     For prejudgment and post-judgment interest at the highest legal rate;

4.     For an award of costs and attorney's fees; and

5.     For such other relief as the Court deems just and reasonable under the circumstances.

DATED this 2nd day of January, 2017.

MARSHALL OLSON & HULL, P.C.

By:     /s/ Jason R. Hull
        ERIK A. OLSON
        JASON R. HULL
        ATTORNEYS FOR THE AP DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of January, 2017, a true and correct copy of the

foregoing **ANSWER TO AMENDED COMPLAINT AND RENEWED COUNTERCLAIM**

was served by the method indicated below, to the following:

Matthew A. Steward                    (X)    Electronic CM/ECF Notification
Brian C. Webber                       ( )    U.S. Mail, Postage Prepaid
Timothy Pack                          ( )    Hand Delivered
Clyde Snow & Sessions                 ( )    Overnight Mail
One Utah Center, 13th Floor           ( )    Facsimile
201 South Main Street
Salt Lake City, Utah 84111-2216

                                      /s/ Jason R. Hull