Matthew A. Steward (#7637)
mas@clydesnow.com
Timothy R. Pack (#12193)
trp@clydesnow.com
Shannon K. Zollinger (#12724)
skz@clydesnow.com
**Clyde Snow & Sessions**
One Utah Center, 13th Floor
201 South Main Street
Salt Lake City, Utah 84111-2216
Telephone (801) 322-2516

*Attorneys for Plaintiff Vivint, Inc.*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | | |
|---|---|---|
| VIVINT, INC., a Utah corporation | : | **SECOND AMENDED COMPLAINT AND JURY DEMAND** |
| Plaintiff, | : | |
| v. | : | |
| ALARM PROTECTION, LLC, a Utah limited liability company; ALARM PROTECTION TECHNOLOGY, LLC, a Utah limited liability company; ALDER HOLDINGS, LLC, a Utah limited liability company; ALDER PROTECTION HOLDINGS, LLC, a Delaware limited liability company; BOERBOEL PROTECTION, LLC, a Utah limited liability company; ALARM PROTECTION TECHNOLOGY HOLDINGS, LLC, a Utah limited liability company, ALARM PROTECTION ALABAMA, LLC, a Utah limited liability company; ALARM PROTECTION TECHNOLOGY ALABAMA, LLC, a Utah limited liability company; ALARM PROTECTION ALASKA, LLC, a Utah limited liability company; ALARM PROTECTION TECHNOLOGY ALASKA, LLC, a Utah | : | Case No. 2:14-cv-00441-BCW

Judge Clark Waddoups

Magistrate Judge Evelyn J. Furse |

{01289359-1 }

| | |
|---|---|
| limited liability company; ALARM PROTECTION ARIZONA, LLC, a Utah limited liability company; ALARM PROTECTION TECHNOLOGY ARIZONA, LLC, a Utah limited liability company; ALARM PROTECTION ARKANSAS, LLC, a Utah limited liability company; ALARM PROTECTION TECHNOLOGY ARKANSAS, LLC, a Utah limited liability company; ALARM PROTECTION CALIFORNIA, LLC, a Utah limited liability company; ALARM PROTECTION TECHNOLOGY CALIFORNIA, LLC, a Utah limited liability company; ALARM PROTECTION FLORIDA, LLC, a Utah limited liability company; ALARM PROTECTION TECHNOLOGY FLORIDA, LLC, a Utah limited liability company; ALARM PROTECTION GEORGIA, LLC, a Utah limited liability company; ALARM PROTECTION TECHNOLOGY GEORGIA, LLC, a Utah limited liability company; ALARM PROTECTION IDAHO, LLC, a Utah limited liability company; ALARM PROTECTION INDIANA, LLC, a Utah limited liability company; ALARM PROTECTION KENTUCKY, LLC, a Utah limited liability company; ALARM PROTECTION TECHNOLOGY KENTUCKY, LLC, a Utah limited liability company; ALARM PROTECTION MISSISSIPPI, LLC, a Utah limited liability company; ALARM PROTECTION TECHNOLOGY MISSISSIPPI, LLC, a Utah limited liability company; ALARM PROTECTION NEVADA, LLC, a Utah limited liability company; ALARM PROTECTION OKLAHOMA, LLC, a Utah limited liability company; ALARM PROTECTION TENNESSEE, LLC, a Utah limited liability company; ALARM PROTECTION TECHNOLOGY TENNESSEE, LLC, a Utah limited liability | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : |

| | |
|---|---|
| company; ALARM PROTECTION TEXAS, LLC, a Utah limited liability company; ALARM PROTECTION TECHNOLOGY TEXAS, LLC, a Utah limited liability company; ALARM PROTECTION UTAH, LLC, a Utah limited liability company; RHODESIAN PROTECTION, LLC, a Utah limited liability company; JOHN DOES 1-10. | : : : : : : : |
| Defendants. | |

Plaintiff Vivint, Inc. ("Plaintiff" or "Vivint") hereby complains of Defendants as follows:

## PARTIES

1. Vivint is a Utah corporation with its principal place of business in Utah County, Utah. Vivint is engaged in the business of providing electronic security and home automation products and services to customers throughout the United States and Canada.

2. Defendant Alarm Protection LLC is a Utah limited liability company with its principal place of business in North Salt Lake, Davis County, Utah.

3. Defendants Alarm Protection Technology, LLC and Alarm Protection Technology Holdings, f/n/a APT Holdings, LLC, are Utah limited liability companies doing business in Salt Lake and Davis Counties, Utah.

4. Defendant Alder Holdings, LLC is a Utah limited liability company with its principal place of business in Salt Lake County, Utah. Defendant Alder Protection Holdings, LLC is a Delaware limited liability company doing business in Salt Lake County and Davis County.

5. The following defendants are Utah limited liability companies: Alarm Protection Alabama, LLC, Alarm Protection Technology Alabama, LLC, Alarm Protection Alaska, LLC,

Alarm Protection Technology Alaska, LLC, Alarm Protection Arizona, LLC, Alarm Protection Technology Arizona, LLC, Alarm Protection Arkansas, LLC, Alarm Protection Technology Arkansas, LLC, Alarm Protection California, LLC, Alarm Protection Technology California, LLC, Alarm Protection Florida, LLC, Alarm Protection Technology Florida, LLC, Alarm Protection Georgia, LLC, Alarm Protection Technology Georgia, LLC, Alarm Protection Idaho, LLC, Alarm Protection Indiana, LLC, Alarm Protection Kentucky, LLC, Alarm Protection Technology Kentucky, LLC, Alarm Protection Mississippi, LLC, Alarm Protection Technology Mississippi, LLC, Alarm Protection Nevada, Alarm Protection Oklahoma, LLC, LLC, Alarm Protection Tennessee, LLC, Alarm Protection Technology Tennessee, LLC, Alarm Protection Texas, LLC, Alarm Protection Technology Texas, LLC, and Alarm Protection Utah, LLC, (collectively the "Individual State LLCs").

6. Third-party Adam Schanz ("Schanz") is a resident of the state of Utah.

7. Defendant Rhodesian Protection, LLC ("Rhodesian") is a Utah limited liability company. Rhodesian is the owner and manager of some the Individual State LLCs. Schanz is the manager of some of the Individual State LLCs.

8. Schanz is the owner and manager of Rhodesian Protection, LLC.

9. Defendant Rhodesian Protection, LLC is the owner and manager of Alarm Protection, LLC.

10. Schanz is the manager of Alarm Protection Technology, LLC and Alarm Protection Technology, LLC is the manager of Alarm Protection Technology Holdings, LLC. Alarm Protection Technology Holdings, LLC is the owner of some of the Individual State LLCs.

11.     Defendant Boerboel Protection, LLC is the owner of Alder Holdings, LLC and Schanz is the manager of Alder Holdings, LLC.  Schanz is the owner and manager of Boerboel Protection, LLC.

12.     Defendant Rhodesian Protection, LLC is the manager of Boerboel Protection, LLC.

13.     Defendants are engaged in the business of selling and installing electronic security services and equipment and are, collectively, a direct competitor of Vivint.  Defendants collectively engaged in the wrongful acts alleged herein which have caused

14.     Vivint is unaware of the true names and capacities of the defendants sued herein as Does 1 through 10.  Plaintiff reserves the right to amend this Complaint when the identity of any Doe defendant is ascertained.

15.     On information and belief, there must be such unity of interest and ownership among Defendants that the separate personalities of Defendants no longer exist and that Defendants are all alter egos of one another.  The observance of the individual corporate and business entity forms of Defendants would sanction a fraud, promote injustice, or an inequitable result would follow.

16.     In the alternative, Defendants are directly, vicariously and/or contributorily liable for the conduct alleged herein.

## JURISDICTION AND VENUE

17.     Jurisdiction and venue is vested in this Court pursuant to the Notice of Removal filed in this matter, from Fourth District Court in Utah County, Utah, on or about June 13, 2014.

## GENERAL ALLEGATIONS

18. Through years of considerable effort and expense, Vivint has grown into a successful residential security and home automation company, and has acquired hundreds of thousands of customers.

19. Vivint has expended substantial time, money, and resources in acquiring, maintaining, and retaining its customers.

20. A significant amount of sales for Vivint is accomplished by door-to-door sales by individuals that it hires and trains.

21. Defendants are engaged in the business of selling and installing electronic security services and related equipment in a number of states.

### Defendants are Engaged in a Campaign to Damage Vivint's Reputation and Improperly Takeover Vivint's Customers

22. Defendants have engaged in a campaign to damage Vivint's reputation, good will, and business relationships by, among other things, disseminating false, disparaging, and damaging information about Vivint and its sales representatives, by unfairly competing with Vivint, and by interfering with Vivint's contractual relationships.

23. Vivint currently does business in many states, and is licensed to market and sell electronic security and home automation products and services in those states.

24. Vivint has a significant presence in a number of states, and Defendants are acting improperly, tortuously, illegally, and unethically in many such states.

25. With full knowledge of Vivint's alarm services agreements with its customers ("Customer Contracts"), Defendants and their employees, assigns, or agents, have engaged in a

campaign to target and improperly solicit Vivint's customers by making misrepresentations to them (hereafter, "Vivint Customers").

26. Defendants have made false statements and misrepresentations to Vivint Customers that have included at least the following:

    a. Vivint is a scam and/or a fraud;

    b. Vivint was going out of business, or had already gone out of business;

    c. Vivint had been or was being bought out by another company;

    d. Vivint is not a local company and that one of Defendants is a local company;

    e. Vivint went "bankrupt" or had filed for bankruptcy;

    f. Vivint was bought out by one of Defendants or had merged with one of Defendants;

    g. One of Defendants is affiliated with or is a division of Vivint;

    h. One of Defendants was in the customer's area doing "upgrades" for Vivint;

    i. The representative was there on behalf of Vivint and/or worked for Vivint;

    j. The customer's account was expired or expiring, and one of Defendants was going to take over;

27. Defendants improperly solicited one or more Vivint Customers by making misrepresentations to Vivint Customers and utilizing unfair and deceptive sales practices.

28. The individuals who actually made the false and misleading statement to Vivint's Customers were agents of the Defendants.

29. The identities of such Vivint Customers and the alleged false and misleading statements made by Defendants have been disclosed in discovery produced in this matter. Vivint will disclose the identities of additional Vivint Customers and the alleged false and misleading statements made to these additional customers by Defendants when such information is discovered or becomes reasonably available to Vivint.

**Defendants Trained their Sales Representatives to Use False and Deceptive Sales Practices**

30. Some or all of the aforementioned examples of the deceptive, dishonest, tortious, untrue and illegal sales practices alleged herein were at the direction of the managers of Defendants.

31. Defendants, led by Schanz, trained their sales representatives to utilize false and deceptive sales practices in order to cause Vivint Customers to switch their alarm security business to Defendants under false pretenses.

32. Defendants have not only condoned, but have actually encouraged and trained these reprehensible practices by Defendants.

33. Stealing Vivint Customers was a subject of bragging and competition amongst Defendants and their sales representatives.

34. Defendants trained and instructed their sales representatives in techniques to deceive, confuse, and mislead Vivint Customers.

35. Defendants also trained and instructed their sales representatives to provide Vivint Customers with false names and identities and to write such false names and identities on the customers' contracts with Defendants.

**Defendants Violated Applicable Licensing Requirements in the Jurisdictions where They Conduct Business**

36. Defendants have violated, and continue to violate, the applicable licensing requirements in multiple jurisdictions in which they operate.

37. Defendants are violating the applicable licensing requirements in at least the following states: Alabama, Arkansas, California, Tennessee, Texas, and Utah.

38. By violating the licensing requirements in these states, the alarm services contracts being sold by Defendants are void or voidable.

39. Moreover, by attempting to takeover Vivint Customer accounts while not being properly licensed in these states, Defendants are interfering with Vivint Customers through unlawful and improper means.

**FIRST CAUSE OF ACTION**
**Intentional Interference with Contract – Customer Contracts**

40. Vivint incorporates by reference the allegations contained in the preceding paragraphs.

41. Vivint has economic and contractual relationships with its current and prospective customers.

42. Defendants knew of the existence of these economic relationships and intended to interfere or disrupt the performance under these relationships.

43. Defendants intentionally interfered with the performance under the contracts between Vivint and its customers by either disrupting performance or making performance more difficult or expensive.

44. Defendants intentionally engaged in conduct intended to damage or interfere with Vivint's existing and potential economic and business relations, all for the sole benefit of Defendants and to the detriment of Vivint.

45. Defendants' interference with Vivint's economic relationships is without justification and was conducted by improper means as alleged herein.

46. Schanz is an agent for each of the Defendants and is liable for aiding and abetting the numerous acts of interference with contract alleged herein.

47. As a result of Defendants' actions, Vivint has suffered damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### Unfair Competition under the Lanham Act, 15 U.S.C. §1125(a)

48. Vivint incorporates by reference the allegations contained in the preceding paragraphs.

49. Defendants made material false or misleading representations of fact in connection with the commercial advertising or promotion of Defendants' products or services.

50. Defendants made their false and misleading representations while engaged in commerce.

51. The false and misleading representations are either likely to cause confusion regarding an association between Vivint and Defendants or the characteristics of Vivint's goods or services, and have actually caused confusion.

52. Defendants' actions have injured Vivint and caused it to suffer damages in an amount to be determined at trial. Accordingly, Vivint is entitled to injunctive relief, damages, corrective advertising by Defendants, and an award of attorney's fees and costs.

53. Pursuant to 15 U.S.C. § 1117(a), Vivint is entitled to injunctive relief and damages as follows: (1) Defendants' profits; (2) any damages Vivint sustained as a result of Defendants' conduct; (3) Vivint's attorney fees and costs; and (4) an award of treble damages.

54. Defendants' actions towards Vivint were willful and malicious, or done with reckless indifference toward, and a disregard of, Vivint's rights set forth herein, so as to justify an award of punitive damages.

## THIRD CAUSE OF ACTION
### Unfair Competition – Utah Common Law

55. Vivint incorporates by reference the allegations contained in the preceding paragraphs.

56. The misrepresentations made by Defendants to Vivint Customers have deceived, and are likely to deceive, Vivint Customers.

57. The misrepresentations made by Defendants to Vivint Customers have caused, or are likely to cause, confusion in the minds of Vivint Customers.

58. Defendants' conduct constitutes common law unfair competition.

59. Defendants' actions have caused, and continue to cause, Vivint to sustain monetary losses, and other damages and injury, in an amount to be determined at the time of trial.

60. Defendants' actions towards Vivint were willful and malicious, or done with reckless indifference toward, and a disregard of, Vivint's rights set forth herein, so as to justify an award of punitive damages.

## FOURTH CAUSE OF ACTION
### Trade Slander/Defamation

61. Vivint incorporates by reference the allegations contained in the preceding paragraphs.

62. Defendants have intentionally made false and misleading statements about Vivint as alleged herein.

63. At the time the statements were made, Defendants knew the statements were false and/or negligently published the statements.

64. The statements are defamatory *per se* in that the statements suggest conduct incompatible with the lawful exercise of business.

65. The statements are injurious and damage Vivint in its industry and marketplace.

66. Vivint is entitled to damages, including punitive damages, injunctive relief, and attorney's fees and costs.

## FIFTH CAUSE OF ACTION
### Injunctive Relief

67. Vivint incorporates by reference the allegations contained in the preceding paragraphs.

68. Defendants have engaged, and continue to engage, in a continuous and relentless pattern of tortious, malicious, and unwarranted conduct as described more fully above.

69. Vivint has demanded that Defendants cease their attempts to implement their scheme to fraudulently and intentionally interfere with the relationship between Vivint and its customers.

70. Defendants have indicated by their words or conduct that they have no intention of altering this illegal and improper conduct.

71. Vivint will suffer immediate and irreparable injury and damage to its existing and future business unless the Court immediately and permanently enjoins Defendants and their agents, employees, officers, directors, representatives, and anyone in active concert with them from making false or misleading representations to Vivint Customers.

72. Defendants must also be enjoined from altering, destroying, concealing, or otherwise further manipulating records as outlined above.

73. Defendants must also be enjoined from utilizing false or incorrect names for any of their sales representatives.

74. The harm threatened to Vivint, including its loss of goodwill and harm to its reputation, outweighs any damage such an injunction might cause Defendants and such an injunction would not be adverse to the public interest.

75. There is a substantial likelihood that Vivint will prevail on the merits of its claims for relief in this case and the case present serious issues on the merits which should be the subject of further litigation.

**PRAYER FOR RELIEF**

WHEREFORE, on each of its Causes of Action, Vivint prays for judgment in its favor and against Defendants as follows:

1. For damages in an amount to be proven at trial;

2. For statutory damages where allowed by law

3. For treble damages where allowed by law

4. For exemplary damages where allowed by law

5. For punitive damages where allowed by law;

6. For a preliminary and permanent injunction against Defendants as described above;

7. For an order of corrective action for any false or deceptive advertising;

8. For an order that one or more of the Defendants are the alter egos of one another and/or that piercing the corporate veil as between Defendants is proper;

9. For an award of costs, attorney's fees, and interest; and

10. For such other relief as the Court deems just and reasonable under the circumstances.

## JURY DEMAND

Plaintiff reiterates and relies upon its prior demand for trial by jury.

DATED this 2nd day of February 2018.

          CLYDE SNOW & SESSIONS

          /s/ Timothy R. Pack
          Matthew A. Steward
          Timothy R. Pack
          Shannon K. Zollinger
          Victoria B. Finlinson

          *Attorneys for Plaintiff Vivint, Inc.*

## CERTIFICATE OF SERVICE

On this 2nd day of February 2018, a true and correct copy of the foregoing **SECOND AMENDED COMPLAINT AND JURY DEMAND** was served on the following via CM/ECF electronic notification:

>Erik A. Olson
>Jason R. Hull
>MARSHALL OLSON & HULL
>Newhouse Building
>10 Exchange Place, Suite 350
>Salt Lake City, UT 84111
>
>*Attorneys for Defendants*

/s/ Kari J. Peck